# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NANCY-ANN ASHENHURST,
KENNETH PAUL GALLINA,

      Plaintiffs,                     CIVIL ACTION NO. 07-CV-13352-DT

  VS.                                DISTRICT JUDGE DAVID M. LAWSON

VM SPECIALTY MORTGAGE,      MAGISTRATE JUDGE MONA K. MAJZOUB
LLC, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:    This action should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiffs have failed to state a claim upon which relief may be granted.

**II.    REPORT**:

      This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). All pretrial matters have been referred to the undersigned for action. (Docket no. 3). Plaintiffs are proceeding *pro se* and seek to proceed *in forma pauperis*. (Docket no. 2). The Court will grant IFP status by separate order. Plaintiffs allege that they submitted the high bid at a sheriff's sale on January 24, 2007 and their money was refused. (Docket no. 1). The auctioneer allegedly told Plaintiffs that there were no representatives of the mortgage company present and that there were no other bids on the property. Finally, Plaintiffs allege that they are the "Holders of the Federal Land Patent for the property." (*Id.*).

      Plaintiffs fail to state the legal basis for their claims. They also fail to state what relief they are seeking. The Court finds no basis for the assertion of federal jurisdiction. If Plaintiffs believe that they have a claim under state law, they should pursue those claims in state court. Plaintiffs' Complaint

therefore fails to state a claim upon which relief may be granted. Section 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted." This action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than

ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 30, 2007     s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Nancy-Ann Ashenhurst and Kenneth Paul Gallina on this date.

Dated: August 30, 2007     s/ Lisa C. Bartlett
                           Courtroom Deputy