UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY-ANN ASHENHUST and KENNETH
PAUL GALLINA,

                Plaintiffs,          Case Number 07-13352
v.                                                      Honorable David M. Lawson
                                                          Magistrate Judge Mona K. Majzoub
AMERIQUEST MORTGAGE CO., ORLEANS
ASSOCIATES, THOMAS SAMPSON,
KIMBERLY SAMPSON, DONALD FIEMA,
WM SPECIALTY MORTGAGE, LLC,
WYANDOTTE POLICE DEPARTMENT, JAY
SHARPES, STEVEN SABO, BOB HECK,
STEVEN BREAUX, and MARK TRUSEWICZ,

                Defendants.
                                          /

## ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT, AND DENYING MOTION FOR INJUNCTIVE RELIEF AS MOOT

Presently before the Court is the report issued on August 30, 2007 by Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b) recommending that this Court dismiss the *pro se* plaintiffs' complaint for failure to state a claim upon which relief can be granted. Although the magistrate judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within ten days of service of the report, no objections have been filed. What the plaintiffs have filed, documents styled "Motion for Emergency *Ex Parte* Order for Stay and Protection Order" [dkt # 8] and "Claim So Relief May Be Granted" [dkt # 9], cannot be construed reasonably as objections. The magistrate judge's report and recommendation, issued without objection, will therefore be adopted, the case dismissed, and the plaintiffs' motion denied as moot. The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections

must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). These rules are tempered by the principle that *pro se* pleadings are to be liberally construed, but a *pro se* litigant must still comply with the procedural rules of court. *McNeill v. United States*, 508 U.S. 106, 113 (1993). In this case, following the issuance of the report and recommendation, the plaintiffs filed a motion seeking emergency injunctive relief "to protect [their] property," Mot. for Inj. Relief at 1, and a document setting forth twelve federal laws that the defendants have allegedly violated, *see* Claim for Relief at 2. In neither of these filings do the plaintiffs reference the magistrate judge's report, nor do they assign error to any of her conclusions. Although the plaintiffs obviously disagree with the magistrate judge's recommendation that the case be dismissed for failure to state a claim, mere disagreement with the ultimate conclusion does not amount to a cognizable objection. *Spencer*, 449 F.3d at 725.

The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the Magistrate Judge.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt # 5] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED**.

It is further **ORDERED** that the plaintiff's motion for injunctive relief [dkt # 8] is **DENIED as moot**.

>s/David M. Lawson
>DAVID M. LAWSON
>United States District Judge

Dated: October 3, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2007.

>s/Felicia M. Moses
>FELICIA M. MOSES